MAIN, Justice.
Lowell S. Fuller and his wife, Deborah Kay Holcombe Fuller, and Ronald F. Turner and his wife, Sheila M. Turner, appeal from a judgment of the Baldwin Circuit Court finding that, although the Town of Magnolia Springs (hereinafter “the Town”) held no riparian rights in and to the Magnolia River (hereinafter “the River”), the Town was entitled to construct improvements on the shores of the River and extending into the River for a boat launch, a boat dock, and/or a pier to be used in connection with Rock Landing, a public landing on the River, and that Rock Street, a public street in the Town that adjoined the lands owned by the Fullers and the Turners and that terminated at Rock Landing, could be used for temporary parking “for the purpose of launching a boat, kayak, canoe or other float at Rock *125 Landing.” The Town cross-appeals from that part of the judgment declaring that the Town was without authority to convert a portion of Rock Street from ■ a public street to a parking facility and recreational area.
On May 24, 2010, the Fullers and the Turners sought a declaration of the respective rights and obligations of the parties in and to Rock Street, including the existence of riparian rights to the portion of the River that might be associated with Rock Street and the right of the Town to convert the portion of Rock Street nearest the River from a public street into a park or recreational area. They also sought to enjoin the Town from making any improvements to Rock Landing, a public landing on the River at the terminus of Rock Street. The Town answered and raised affirmative defenses and asserted counterclaims. The counterclaims sought a judgment declaring that fee-simple ownership of Rock Street vested in the Town, that the prior vacation of public rights to that part of Rock Landing lying east of Rock Street, as shown on an 1895 plat captioned “Lyman’s Addition to Magnolia Springs” (hereinafter “the Plat”),[1] is void, and that the current public use of Rock Street for access to the River and the potential public use of Rock Street as a recreational area are consistent with the Plat.
The trial court held a bench trial on March 7, 2011.[2] The rights to Rock Street and Rock Landing are the subject of this case. The issues involve specifically Lot 28 and the west half of Lot 27, which are owned by the Turners, and Lot 29, which is owned by the Fullers, all of which are shown on the Plat and which lots adjoin Rock Street and/or Rock Landing.[3] Rock Street, which is largely unimproved, and Rock Landing have, since the incorporation of the Town in 2006, been located within the municipal boundaries of the Town and are shown on the Plat.
The Fullers acquired title to their property, which adjoins Rock Street and Rock Landing, by deed dated May 28, 1996. The Turners acquired title to their property, which adjoins Rock Street and Rock Landing, by deed dated June 6, 1994. Both the Fullers and the Turners have resided on their property since 1996 and 1994, respectively. The Fullers and the Turners have fences along their boundaries with Rock Street, with gates connecting their driveways to the northern end of Rock Street.
After hearing the evidence and ordering the parties to submit posttrial briefs, the *126 trial court on April 27, 2011, entered a final judgment (hereinafter “the April judgment”). In the April judgment, the trial court held that Rock Street was a publicly dedicated street for use by pedestrian and vehicular traffic and that the Town held no interest in the riparian rights to the River that might be associated with Rock Street or Rock Landing, and it enjoined the Town from constructing any improvements into or over the waters of the River. The trial court declared that Rock Street was to be used for pedestrian and vehicular traffic only and that it could not be converted by the Town from a public street to a parking or recreational facility or a park. The Town filed a motion to alter, amend, or vacate the judgment, pursuant to Rule 59(e), Ala. R. Civ. P.
On August 16, 2011, the trial court entered an amended final judgment (hereinafter “the August judgment”). In the August judgment, the court again held that the Town had no riparian rights to the River, but it held that the Town was nonetheless entitled to construct improvements for a boat launch, a boat dock, and/or a pier along the River to be used in connection with a public landing. The court also determined that, although Rock Street could not be converted to use for a parking or recreational facility or park, it could be used for “temporary parking for the purpose of launching a boat, kayak, canoe or other float at Rock Landing.” The Fullers and the Turners filed a motion to alter, amend, or vacate the August judgment, pursuant to Rule 59(e), Ala. R. Civ. P., which the trial court denied. The Fullers and the Turners filed a timely notice of appeal. The Town filed a cross-appeal.

I. Analysis

A. Appeal (case no. 1110295)

On appeal, the Fullers and the Turners argue that “[t]he remedy ordered by the trial court is inconsistent with ... the underlying factual findings and conclusions of law contained in the August Judgment.” Specifically, in their brief to this Court, the Fullers and the Turners contend that the remedy provided in the August judgment — “authorizing the Town to construct a boat launch, boat dock, and/or pier at the water’s edge of Rock Landing” and “permitting the Town to use Rock Street for ‘temporary parking for the purpose of launching a boat, kayak, canoe or other float at Rock Landing’ ” — is contrary to the findings of fact and conclusions of law in the August judgment, especially the holding that the Town possessed no riparian rights.
We agree that the trial court’s findings of fact and conclusions of law in the August judgment are contradictory to the remedy it fashioned. The trial court held that the. Town possessed no riparian rights, but it determined that the Town was entitled, among other things, to construct improvements for a boat launch, a boat dock, and/or a pier along the River at Rock Landing. The trial court’s conclusion of law that the Town possessed no riparian rights is inconsistent with the relief it ordered. We have not been asked to decide, and we express no opinion, on the trial court’s findings regarding riparian rights. Thus, because the conclusion of law in the trial court’s August judgment is incompatible with the relief ordered, we must reverse that judgment and remand the case for the trial court to revise either its conclusion of law or the relief ordered.

B. Cross-Appeal (case no. 1110332)

In its cross-appeal, the Town argues that the trial court erred “when it declared that parking is prohibited on Rock Street except parking for the temporary purpose of launching a vessel or float at Rock *127 Landing” because “[a] municipality is vested with exclusive authority to regulate parking along its streets pursuant to Alabama Code, common law, and municipal police powers.” Because the issue of the regulation of parking along Rock Street directly relates to the issue raised on appeal, it too should be reconsidered by the trial court on remand.

II. Conclusion

For the foregoing reasons, we reverse the August judgment and remand this case for further proceedings consistent with this opinion.
1110295 — REVERSED AND REMANDED.
1110332 — REVERSED AND REMANDED.
MOORE, C.J., and STUART, BOLIN, PARKER, MURDOCK, WISE, and BRYAN, JJ., concur.

. The Plat, which is difficult to read, shows that it was signed by “R.F. Ezzezz,” the surveyor, and notarized by "R.T. Ervin,” a notary public, but it was not signed by Otis Lyman, the owner of the lands embraced by the Plat.

. At trial, Philip Hahn, an owner of property adjacent to Rock Landing, filed a motion for leave to intervene, which the trial court granted. When the Town dismissed its counterclaim challenging the validity of a prior vacation of public rights to Rock Landing east of Rock Street, Hahn withdrew his motion to intervene.

. In 1957, the public’s right to that part of Rock Landing lying to the west of Rock Street was vacated. In 1959, the public’s right to that part of Rock Landing lying to the east of Rock Street was vacated. In 1965, the public’s right to that part of Rock Street lying south of Oak Street was vacated. By order dated August 25, 1970, the' Baldwin Circuit Court declared the purported 1965 vacation of Rock Street void and declared the 1957 vacation of Rock Landing lying to the west of Rock Street to be valid. According to the record in this case, the 1959 vacation of the public’s right to Rock Landing east of Rock Street has never been challenged. The Town, however, challenged that vacation in a counterclaim but voluntarily dismissed that counterclaim at trial, as stated in note 2.